UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL WORTHEN,

    Plaintiff,

V.                                              Case No:  2:12-CV-57-FtM-99SPC

BUCKSHOT CABLE, INC., PHILLIP
MORRISON, and VENUS
MORRISON,

    Defendants.
_____/

### ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Letter to Court (Doc. #12) filed on April 30, 2012.  On April 3, 2012, a letter was sent to the Court on behalf of Defendants Buckshot Cable, Inc., Philip Morrison, and Venus Morrison.  (Doc. #9).  The letter purports to be an Answer to Plaintiff's FLSA Complaint.  Plaintiff moves to strike the Answer on the grounds that a letter cannot serve as a substitute for a responsive pleading or motion, and on the additional ground that it was filed by the corporation's directors on behalf of the corporation, which is improper.

The Court will accept the Answer as filed on behalf of the individual Defendants as it appears that they are proceeding *pro se*, but will strike it as filed on behalf of the corporation, Buckshot Cable, Inc.  A corporation MUST be represented by counsel.  Under Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to the Court pursuant to Local Rule 2.01 or 2.02.  The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985).  It cannot appear in judicial proceedings *pro se* but must instead be

represented by licensed counsel. Id.  The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id.  The individual Defendants are advised that they may NOT file motions or any other pleadings in this action on behalf of the corporation. They are further advised that failure of the corporation to respond in this action could result in default judgment being entered against it.

Given that certain deadlines in this matter set forth in the Court's FLSA Scheduling Order (Doc. #10) have passed, the Court will direct the Clerk of Court to issue an amended FLSA Scheduling Order to allow the Parties more time to engage in settlement discussions after counsel is obtained.  Plaintiff is advised that they may engage in settlement discussions with the *pro se* individual Defendants at any time as they have not sought to obtain counsel in this matter.

Accordingly, it is now

**ORDERED:**

(1)    Plaintiff's Motion to Strike Defendants' Letter to Court (Doc. #12) is **GRANTED in part and DENIED in part**.

(2)    The Motion to Strike is **DENIED** to the extent that the Court will accept the Answer (Doc. #9) as filed on behalf of the individual Defendants, Phillip Morrison and Venus Morrison.  The individual Defendants must participate in this action and must meet deadlines as set forth in this Court's Scheduling Order, including participating in settlement discussions with the Plaintiff.  **Failure to do so could result in sanctions**.

(3)    The Motion to Strike is **GRANTED** to the extent that the Court will **STRIKE** the Answer (Doc. #9) as filed on behalf of the corporate Defendant, Buckshot Cable, Inc.  Defendant Buckshot shall have up to and including **July 30, 2012,** for counsel to enter an appearance on the

2

corporation's behalf.  **Failure to do so could result in default judgment being entered against the corporation**.

(4)     As the individual Defendants are proceeding *pro se*, Plaintiff must provide copies of all filings to them by mail at their last known address.  As it does not appear that Plaintiff's Responses to Court's Interrogatories were provided to *pro se* Defendants, the Clerk of Court is **directed** to mail a copy of the Plaintiff's Responses to the Court's Interrogatories (Doc. #15) to Defendants Philip Morrison and Venus Morrison at 28262 Alata Dena Dr., Punta Gorda, FL 33955.

(4)     The Clerk of Court is directed to enter a new FLSA Scheduling Order with new dates which will govern this action.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record