UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL WORTHEN,

    Plaintiff,

v.                                  Case No: 2:12-cv-57-FtM-99SPC

BUCKSHOT CABLE, INC., PHILLIP
MORRISON and VENUS
MORRISON,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Clerk's Entry of Default Against Defendants (Doc. #24) filed on September 13, 2012. Plaintiff moves for the entry of clerk's default against individual Defendants Phillip Morrison and Venus Morrison and corporate Defendant Buckshot Cable, Inc., for failure to answer or otherwise plead to the Complaint.

The Court notes at the outset that the individual Defendants have filed an Answer to the Complaint *pro se*. In an Order dated July 10, 2012, this Court accepted the "letter answer" (Doc. #9) as filed on behalf of the individual Defendants. Therefore, a request for entry of clerk's default against the individual Defendants on the ground that they failed to answer or otherwise plead is due to be denied.[1] But the Court noted in its July 10, 2012 Order that the corporate

---

[1] The Court notes though that Defendants' answers to Court interrogatories were due by September 13, 2012, pursuant to the Amended FLSA Scheduling Order. (Doc. #18). There is no indication on the docket sheet that these have been submitted or filed. If these have in fact been prepared by the individual Defendants, they must be filed with the Court and provided to Plaintiff. **The individual Defendants are cautioned that they must participate in this case, including the filing of answers to the Court interrogatories**. **If Defendants fail to do so, Plaintiff may re-file a request for default.**

Defendant Buckshot Cable, Inc., must obtain counsel and struck the Answer as filed on behalf of Buckshot Cable, Inc. (Doc. #17). The Court again directed the corporate Defendant in an Order to Show Cause that it must obtain counsel or show cause why it has failed to do so. (Doc. #19). A response to the Order to Show Cause was due by August 27, 2012. To date, no response has been filed.

Pursuant to Rule 4(h) of the Fed. R. Civ. P., "[u]nless federal law provides otherwise, . . . a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent." Furthermore, the Florida Rules of Civil Procedure allow "any officer or business agent residing in the state" to be served on behalf of "any private corporation, domestic or foreign." Fla. Stat. §48.081(1)(d). The Return of Service indicates that Defendant Buckshot Cable was served on March 6, 2012 by delivering a copy of the summons and compliant to Venus Morrison, as spouse of the company's registered agent, Phillip Morrison. (Doc. #22). The Court notes upon review of the Florida Department of State Division of Corporations that Venue Morrison is the company's secretary and treasurer. Therefore, because the company was served through an officer, service was proper.

Now that it has been determined that service was proper, the Court must evaluate the Federal Rules of Civil Procedure regarding a defendant who fails to answer a plaintiff's complaint. Rule 55(a) of the Fed. R. Civ. P. states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On July 10, 2012, the Court granted a Motion to Strike the Defendant, Buckshot Cable's "letter answer" (Doc. #17). In the Order granting the Motion to Strike the Court made clear that a corporation cannot appear *pro se*, but

must instead be represented by licensed counsel. *See* Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (asserting that a corporation cannot appear in judicial proceedings *pro se*). Furthermore, the Order provided the Defendant, Buckshot Cable, with notice that it had until July 30, 2012, to obtain counsel to represent it before the Court and to file an Answer or otherwise respond to the Complaint in compliance with the Federal and Local Rules. (Doc. #17). The Court warned at that time that failure to do so could result in default judgment being entered against the corporation. In an abundance of caution, the Court entered an Order to Show Cause (Doc. #19) on August 13, 2012, directing Defendant Buckshot Cable to show cause on or before August 27, 2012, why it failed to obtain counsel by the date imposed by the Court. In that Order, the Court again warned Defendant that failure to respond could result in default judgment being entered against it. Despite this, there has been no indication by the Defendant that it has retained licensed counsel to represent it in these judicial proceedings and no Answer has been filed on its behalf. Therefore, because the Defendant has not provided an Answer or response to the Plaintiff's Complaint and has not retained licensed counsel for these judicial proceedings, under Rule 55(a) of the Fed. R. Civ. P., the Court grants the Plaintiff's Motion for Clerk's Default against the Defendant, Buckshot Cable, Inc. *See* Taylor v. Frank Stewart Trucking, Inc., 08-14009-CIV, 2008 WL 4753355 (S.D. Fla. Oct. 27, 2008) (granting a clerk's default on the basis of a defendant corporation failing to answer the complaint or retain counsel for the judicial proceedings).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Clerk's Entry of Default Against Defendants (Doc. #24) is **GRANTED in part and DENIED in part**.

(2) Plaintiff's request for entry of clerk's default against Defendant Buckshot Cable, Inc. is **GRANTED**. The Clerk of Court is directed to enter a clerk's default against Defendant Buckshot Cable, Inc. **ONLY**.

(3) Plaintiff's request for entry of clerk's default against Defendants Phillip Morrison and Venus Morrison is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record