UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL WORTHEN,

        Plaintiff,

v.                              Case No: 2:12-cv-57-FtM-38UAM

BUCKSHOT CABLE, INC., PHILLIP
MORRISON and VENUS
MORRISON,

        Defendants.
                                /

**ORDER**

        This matter comes before the Court on Plaintiff's Verified Application for Attorney's Fees (Doc. #42) filed on January 24, 2013. This case was reassigned to the undersigned on June 2, 2013. To date, no response has been filed by the Defendants; therefore, the Motion is ripe for the Court's review.

        This is an action brought pursuant to the Fair Labor Standards Act for overtime wages. Final judgment was entered in this case against the *pro se* Defendants on December 28, 2012 (Doc. #39), in the amount of $9,050.62, jointly and severally. Plaintiff, as the prevailing party, has now filed the instant Motion for attorney's fees to be awarded in the amount of $4,830.00 and costs in the amount of $699.43.

        "The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). First, the court must ascertain the hourly rate for the attorney's representation. <u>Ducksorth v. Whisenant</u>, 97 F.3d 1393, 1393 (11th Cir.

1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates. Id.

Second, the court must determine the reasonable hours expended by counsel. Duckworth, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. Id. (citing Norman, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. Id. (citing Norman, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. Natco Ltd. Partnership v. Moran Towing of Florida, Inc., 267 F.3d 1190, 1196 (11th Cir. 2001). In determining reasonable hours expended, the Court might consider the Johnson factors[1] in terms of their influence on the lodestar amount even though the lodestar method effectively replaced the balancing test prescribed by Johnson. Norman, 836 F.2d at 1292. The results obtained in a case may result in an upward or downward adjustment of the lodestar, however, fee awards should not simply be proportionate to the results obtained in FLSA cases, where it is not uncommon for the fee award to exceed the Plaintiff's recovery to ensure that even individuals with

---

[1] The Johnson factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), see also, Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1187, n.8 (11th Cir. 1983).

small claims can obtain representation by counsel so that their rights may be enforced. Brandt v. Magnificent Quality Floral Corp., 2011 WL 4625379 at *12 (S.D. Fla. Sept. 30, 2011).  When a court finds the number of hours billed to be unreasonably high, a court has two choices, it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut.  Blivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Plaintiff's attorney Todd W. Shulby seeks an hourly rate of $350.00.  According to his Unsworn Declaration (Doc. #42-2), Mr. Shulby has practiced law since 1995.  Based upon the prevailing rates in this area and the Court's own experience, the Court determines that the rates in the Fort Myers area for FLSA cases range from $275.00 to $375.00 and that $350.00 is at the higher end of rates in this area.  After careful review of the filings in this case and taking into consideration Mr. Shulby's experience, the Court determines that Mr. Shulby is entitled to an hourly rate of $275.00. The documents filed in this case did not show any particular expertise on the part of counsel - the Complaint was four pages and the case ended in default judgment.  Further, the Court had to Order the Plaintiff twice to seek default final judgment or suffer dismissal.

The Court must next determine whether the Plaintiff's fee request is reasonable in terms of the total number of hours expended by counsel.  Mr. Shulby expended 13.8 hours in this case.  (See Doc. #42-1, Shulby affidavit).  Upon review of this case, taking into consideration that the Defendants were *pro se* and this litigation was somewhat protracted because of that, the Court finds that the hours expended on this matter were reasonable.

Finally, Plaintiff requests that he be awarded costs in the amount of $699.43, as detailed in the Bill of Costs (Doc. #43-1). Federal Rule of Civil Procedure 54 provides that a prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. Fed. R. Civ.. P. 54(d)(1). Local Rule 4.18 provides that all claims for costs "shall be asserted by separate motion." M.D. Fla. L.R. 4.18. Congress has comprehensively regulated the taxation of costs in federal courts. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 444 (1987). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. <u>Id.</u> The Court has discretion to tax costs enumerated in §1920, however, it is prohibited from taxing costs that are not enumerated in that statute. Id. at 441-442.

Section 1920 provides the following list of taxable costs:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and costs for making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.

With regard to costs, the Plaintiff is requesting $350.00 for fees of the clerk; $195.00 for fees for service of summons and subpoena; $112.50 for fees and disbursements for printing; and $41.93 for "other costs" for a total of $699.43. Plaintiff

attached an itemization for the $41.93 in "other costs."  (Id.).  As the prevailing party, the Court will tax costs in the amount of $699.43.

Accordingly, it is now

**ORDERED:**

Plaintiff's Verified Application for Attorney's Fees (Doc. #42) is **GRANTED in part**.  Plaintiff is awarded attorney's fees in the amount of $3,795.00 and costs in the amount of $699.43.  The Clerk is directed to amend the judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this  17th day of June, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record